UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER
1901 South Congress Avenue, Suite 200
Boynton Beach, Florida 33426

Plaintiff,

v.

FEDERAL PRISON INDUSTRIES, INC.,
d/b/a UNICOR
320 First Street, N.W.
Washington, D.C. 20534

-and-

FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washington, D.C. 20534

Defendants.

Case No. ______________________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Human Rights Defense Center ("Plaintiff" or "HRDC") respectfully submits this Complaint for declaratory and injunctive relief finding Defendants Federal Bureau of Prisons ("BOP") and Federal Prison Industries, Inc. d/b/a UNICOR ("UNICOR," and together with BOP, "Defendants") have violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and ordering them to comply with their obligations.

## Introduction

1. On June 16, 2021, HRDC submitted a written request under FOIA for records held by UNICOR. The requested records concern UNICOR's litigation payments made from January

1, 2011 to the date of that request to resolve claims against UNICOR and/or any of its agents and employees, and for each such claim or case, a copy of the complaint or claim form (and any amended versions) and the verdict form, final judgment, consent decree, or other paper that resolve the case or claim.

2. Similarly, on July 10, 2024, HRDC submitted a second written request under FOIA for identical records held by UNICOR in which payments were disbursed from July 10, 2014 to the date of that request.

3. To date, however, Defendants have completely failed their obligations under FOIA to provide the public records that HRDC seeks. In the intervening time, Defendants have only provided a pro-forma processing letter for the first request. Defendants have not responded to the second request. HRDC requests that this Court order Defendants to comply with FOIA; enjoin Defendants from further neglecting its duties under federal law; and reimburse HRDC the legal fees and costs it has incurred in bringing this action.

**Parties, Jurisdiction, Venue**

4. Plaintiff Human Rights Defense Center is a nonprofit charitable organization incorporated under the laws of the State of Washington and recognized as tax exempt under IRS Code § 501(c)(3). The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. Among other publications, HRDC distributes the preeminent news publication across penological institutions in the United States: *Prison Legal News* ("PLN").

5. Defendant Federal Prison Industries, Inc., d/b/a UNICOR is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of the Federal Bureau of Prisons, which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

Defendant UNICOR is headquartered in Washington, D.C. UNICOR has possession, custody, and control of the records requested by HRDC.

6. Defendant Federal Bureau of Prisons is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant BOP is headquartered in Washington, D.C. BOP has possession, custody, and control of the records requested by HRDC.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

8. Venue is proper in this District under 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND

9. HRDC currently distributes dozens of different criminal justice, legal and self-help titles, including its prolific monthly periodical that reports and analyzes criminal justice news on a national level: *PLN*. Produced continuously since 1990, the publication has approximately 5,000 subscribers in 50 states, including lawyers, journalists, judges, courts, public libraries, and universities. Surveys indicate that *PLN*'s readership is approximately ten times the subscriber number. HRDC also maintains a listserv and a website at www.prisonlegalnews.org, which receives approximately 700,000 visitors per month, according to site analytics. HRDC publishes books about the criminal justice system and legal issues for use by prisoners, lawyers, courts, libraries, and other members of the public.

10. HRDC also publishes *Criminal Legal News* ("*CLN*"), a monthly 56-page magazine that reports on criminal law and procedure, police civil rights litigation, policing, prosecutorial misconduct, sentencing issues and mass incarceration. *CLN* currently has approximately 2,500 subscribers in all 50 states and its website, www.criminallegalnews.org, receives approximately 300,000 visitors each month.

11. HRDC, through its publications, is a "representative of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii) because it gathers information of current interest to the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to a national audience through its various publications.

12. HRDC's employees, publications, and advocacy activities (including its litigation) have been widely cited in mainstream media sources, including The New York Times, CNN, The Wall Street Journal, USA Today, The Nation, BusinessWeek, Mother Jones, the Miami Herald, the National Law Journal, The Atlanta Journal Constitution, The Sacramento Bee, the Boston Herald, The Washington Times, Columbia Journalism Review, Courthouse News Service, and the First Amendment Center.

13. HRDC is a 501(c)(3) non-profit corporation that advocates on behalf of the human rights of people held in detention facilities in the United States. The core of HRDC's mission is public and prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. To this end, HRDC has engaged in critical litigation throughout the country in an effort to hold the government accountable.

**<u>The FOIA Requests to UNICOR</u>**

14. On June 16, 2021, HRDC issued a written request to Defendants seeking:

> records of all FOIA litigation against Federal Prison Industries, also known as UNICOR, and/or its employees or agents where the agency and/or its insurers paid $1,000 or more to resolve claims. These payments include but are not limited to settlements, damages, attorney fee awards, and sanctions, irrespective of the identity of the plaintiff or claimant. Specifically, HRDC requests the following records, provided in electronic native format where possible, and otherwise in electronic format:
>
> 1. Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against UNICOR and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from July 10, 2011 to the present:

- The name of all parties involved;
- The case or claim number;
- The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District of Columbia, D.C. Superior Court, etc.);
- The date of resolution;
- The amount of money involved in the resolution and to whom it was paid.

2. For each case or claim detailed above:
   - The complaint or claim form and any amended versions;
   - The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case.

*See* Request, attached as **Exhibit A**.

15. As a news media organization seeking records in the public interest, HRDC requested a waiver of duplication costs pursuant to 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 5 U.S.C. § 552 (a)(4)(A)(iii). *See* Ex. A.

16. In response to HRDC's FOIA request, on June 23, 2021, BOP issued a processing letter as to the records sought from UNICOR, in which BOP assigned a tracking number (2021-05113), indicated that it would extend the time limit to respond by additional ten working days, assigned the request to the "complex track," and deferred HRDC's request for a fee waiver. *See* Processing Letter, attached as **Exhibit B**.

17. To date, HRDC has received no further response from Defendants or any substantive records as to this request.

18. On July 10, 2024, HRDC issued a second written request to Defendants seeking the same documents with a time frame of July 10, 2014 to July 10, 2024. *See* Second Request, attached as **Exhibit C**.

19. To date Defendants have provided no response to this request or any substantive records.

## COUNT I

**Violation of 5 U.S.C. § 522(a)(6)(A)(i)**
**Failure to Timely Make a Determination**
**(against all Defendants)**

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 19 above as if fully set forth herein.

20. HRDC properly submitted its FOIA requests, seeking records within the possession, custody, and control of Defendants.

21. Defendants are obligated under 5 U.S.C. § 522(a)(3) to produce records responsive to the HRDC's requests.

22. Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

23. The 20-day deadline by which Defendants were required to communicate their determination—even with the additional 10 working days for "unusual circumstances"—has lapsed.

24. HRDC has a statutory right to the records it seeks, and there is no basis for Defendants to withhold them.

25. As of the filing of this Complaint, Defendants have not provided HRDC any determination on its FOIA requests.

26. Because no basis exists for Defendants' failure to respond, they have violated FOIA.

27. Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions." Accordingly, HRDC has exhausted its administrative remedies.

**COUNT II**

**Violation of 5 U.S.C. § 522(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and Release Records**
**(against both Defendants)**

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 19 above as if fully set forth herein.

28. HRDC properly submitted its FOIA requests, seeking records within the possession, custody, and control of Defendants.

29. Defendants are obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search and to produce records responsive to HRDC's request.

30. Defendants failed to satisfy the requirement to search and release of records in the FOIA requests and failed to provide any justification for their failure.

31. As a result of Defendants' failure to conduct an adequate search and promptly produce the materials requested by HRDC, they have violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

**COUNT III**

**Violation of 5 U.S.C. § 552(a)(4) & (6)**
**Failure to Grant Fee Waiver**
**(against all Defendants)**

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 19 above as if fully set forth herein.

32. HRDC properly submitted its FOIA requests, seeking records within the possession, custody, and control of Defendants.

33. In the requests, HRDC asserted it was entitled to a waiver of all costs because disclosure of the records sought "is likely to contribute significantly to public understanding of the operations or activities of the government," as described in 5 U.S.C. § 552(a)(4)(A)(iii). And HRDC noted in the request "[r]egarding an analogous request from the Bureau of Prisons, the court in *Prison Legal News v. Lappin*, 436 F. Supp. 2d 17 (D.D.C. 2006), held that Prison Legal News (the previous name of the requesting corporation) was entitled to a fee waiver." *See* Ex. A.

34. As such, Defendants violated FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and corresponding regulations, when they failed to waive all search, review, processing, and duplication fees in connection with the request.

## Requested Relief

Plaintiff Human Rights Defense Center respectfully requests that the Court:

A. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B. Declare that Defendants' failure to respond and produce the requested records is unlawful;

C. Declare that HRDC is entitled to disclosure of the requested records;

D. Declare that HRDC is entitled to a complete fee waiver for the requests;

E. Order Defendants to immediately process and disclose all records responsive to the FOIA request that are not specifically exempt from disclosure under FOIA;

F. Enjoin Defendants from continuing to withhold any and all nonexempt records responsive to the FOIA requests;

G. Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

H. Grant all other relief that the Court deems just and proper.

Dated: November 9, 2026

Respectfully submitted,

*<u>/s/ James M. Slater</u>*

James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Human Rights Defense Center*